IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JACQAUS L. MARTIN,                    )
                                      )
            Plaintiff,                )              4:03cv3100
                                      )
      vs.                             )       MEMORANDUM AND ORDER
                                      )
SCOTT E. HAYNE, et al.,               )
                                      )
            Defendants.               )


      This matter is before the court on the following filings by the plaintiff, JacQaus L. Martin: (1) filing no. 95, the Motion to Compel Disclosure of Tape; (2) filing no. 96, the Objection to Memorandum and Order of March 22, 2005; and (3) filing no. 99, the Application to proceed in forma pauperis ("IFP") on appeal.

      In the Memorandum and Order of March 22, 2005 (filing no. 94), the court granted summary judgment on the basis of qualified immunity as to all remaining defendants in their individual capacity except for Corporal Wayman and Case Worker Gissler. Specifically, the Memorandum and Order states in pertinent part (see filing no. 94 at 7):

            In short, a factual issue exists regarding the underlying reason(s) for the visual body cavity search of the plaintiff on May 16, 2000. The plaintiff's verified complaint contains uncontradicted assertions that the search constituted part of a pattern of intimidation and punishment of the plaintiff for exercising a protected right. Corporal Wayman and Case Worker Gissler have not mentioned any penological purpose for the search, and they have failed to provide any record on which the court, without indulging in pure speculation, could grant summary judgment on the basis of qualified immunity.

      The court also found that the plaintiff had exhausted his administrative remedies as to two claims (see filing no. 94 at 1-2):

            Now that the record includes a legible version of the plaintiff's Step Two grievance relevant to this case, I find that the plaintiff has exhausted his administrative remedies as to two claims arising out of the incident on May 16, 2000. First, the plaintiff has alleged in this case, as he did in the applicable grievance, that the search constituted an illegal sexual assault. Second, the plaintiff contends, as he did in the applicable grievance (liberally construed), that the strip search was conducted to retaliate for, or to discourage, his exercise of the right to make a legal telephone call.

1

Finally, the court held that a visual body cavity search is not per se a sexual assault, and the plaintiff had not alleged any facts beyond the nature of the search itself which would suggest a sexual attack on his person (see filing no. 94 at 4-5):

> [T]he legal validity of a particular visual body cavity search is subject to a balancing test. Consequently, it is clear that such a search is not, solely by reason of its intrusive nature, an illegal sexual assault and that a visual body cavity search does not per se violate the Fourth, Eighth or Fourteenth Amendments to the United States Constitution. Because the plaintiff alleges no facts beyond the spreading of his buttocks and the visual inspection of his anal and genital areas, acts which the Constitution does not prohibit, his claim of sexual assault fails.

### Videotape

In filing no. 95, the plaintiff moves to compel production of the videotape taken of the May 16, 2000 search, so as to pursue his claims of excessive force and human rights violations. However, claims of excessive force and human rights violations are not before the court. The plaintiff failed to preserve any issue regarding the *manner* in which the defendants conducted the search. As the court noted in filing no. 94 at 2 n.1, the plaintiff's "grievance did not mention excessive force, and thus a claim, if any, of excessive force has not been preserved for consideration in this litigation. In fact, the record is not clear that the plaintiff ever intended to assert a claim of excessive force in this case, as he has consistently referred to 'sexual assault' rather than excessive force."

The plaintiff has not explained the relevance of the videotape to the remaining issue for trial in this case, i.e., whether those who ordered the search did so out of motivation to retaliate for the plaintiff's exercise of a federally protected right. Filing no. 95 is denied. However, the plaintiff is free to reassert his motion supported by an explanation regarding the relevance of the tape to the matter(s) to be tried.

### Objection

In filing no. 96, the plaintiff attempts to resurrect issues which have previously been resolved in this litigation. The plaintiff's Objection to filing no. 94 is overruled and denied.

### Appeal

<u>IFP</u>

The plaintiff attempts to institute an untimely interlocutory appeal from filing no. 94. In filing no. 99, he moves to proceed IFP on appeal. Filing no. 99 is denied for two reasons.

First, because the plaintiff previously received leave to proceed IFP in the district court, Fed. R. App. P. 24(a)(3) would ordinarily continue IFP status on appeal. However,

28 U.S.C. § 1915(a)(3) states: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  See also <u>Henderson v. Norris</u>, 129 F.3d 481, 485 (8th Cir. 1997):   "District courts should continue to certify pursuant to [28 U.S.C.] § 1915(a)(3) and [Fed. R. App. P.] 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith.  If the district court concludes that such an appeal is not taken in good faith, it shall, pursuant to [Fed. R. App. P.] 24(a), 'state in writing the reasons for the denial.'"   Having considered the record in this action, I certify that this appeal is premature, frivolous and not taken in good faith.[1]

Second, the plaintiff is a prisoner subject to the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA").  28 U.S.C. § 1915(g) (the "three-strikes" provision), states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the "three strikes" provision applies to the plaintiff, and as this appeal does not meet the exception for "imminent danger of serious physical injury," 28 U.S.C. § 1915(g), the plaintiff is not entitled to proceed IFP on appeal.

<u>Timeliness</u>

The plaintiff's Notice of Appeal filed on May 23, 2005 is untimely.  Even considering the document as of the date it bears on its face, i.e., May 18, 2005, the Notice was filed more than 30 days after March 22, 2005.   Fed. R. App. P. 4(a)(1)(A) and (4)(a)(4), read together, provide that in a civil case to which the United States is not a party, a Notice of Appeal must be filed within 30 days after the later of entry of judgment or entry of the district court's order disposing of certain post-trial motions.

Fed. R. App. P. 4(a)(5) permits an extension of time in which to file an appeal if (1) such extension is requested within the "extension period," i.e., within 30 days after expiration of the appeal deadline, and (2) the appellant shows excusable neglect or good cause for the delayed filing of the appeal.   In such event, Fed. R. App. P. 4(a)(5)(C) permits an extension not to exceed 30 days after the prescribed appeal deadline or 10

---

[1]See <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that "good faith" for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit").

days after the date of the order granting an extension, whichever is later.  In this case, however, the plaintiff has not requested an extension, and he has made no showing whatsoever of excusable neglect.  The court will not grant an extension of time to appeal.

However, the plaintiff may seek a different ruling from the Court of Appeals.  For example, if a district court determines that an appeal is not taken in good faith or that the individual is not otherwise entitled to pauper status, the Clerk of Court must serve notice of the district court's decision on the parties and the Court of Appeals.  Fed. R. App. P. 24(a)(4).  The appellant then has 30 days, following service of the Clerk's notice, to file a motion in the Court of Appeals for leave to proceed IFP on appeal.  Fed. R. App. P. 24(a)(5).  Such a motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or by a new affidavit if none was previously filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal.  Id.

THEREFORE, IT IS ORDERED:

1.      That filing nos. 95 and 96 are denied;

2.      That filing no. 99 is denied but may be reasserted to the Eighth Circuit Court of Appeals;

3.      That the Clerk of Court shall send a copy of this Memorandum and Order to the parties and the Eighth Circuit as notice that the plaintiff has been denied IFP status on appeal and that this court has denied an extension of time to appeal; and

4.      That, pursuant to Fed. R. App. P. 24(a)(5), the plaintiff has 30 days after service of this Memorandum and Order to file his motions with the Eighth Circuit.

DATED this 26th day of May, 2005.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

4