IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JACQAUS L. MARTIN,　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　　　Plaintiff,　　　　　　）　　　　　　4:03CV3100
　　　　　　　　　　　　　　　　　）
　　　　vs.　　　　　　　　　　　　）　　　MEMORANDUM AND ORDER
　　　　　　　　　　　　　　　　　）
SCOTT E. HAYNE, et al.,　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　　　Defendants.　　　　　）

This matter is before the court on the following pending motions:

1.　　　　Filing no. 108, the Motion to Compel Disclosure of Tape, filed by the plaintiff, JacQaus L. Martin;

2.　　　　Filing no. 113, the plaintiff's Motion to Compel Discovery and Review of Tape;

3.　　　　Filing no. 114, the plaintiff's Motion for Leave to Show Exhaustion of Remedies;

4.　　　　Filing no. 115, the plaintiff's Motion Showing Exhaustion of All Claims Dismissed Previously and to Allow Those Claims to Proceed;

5.　　　　Filing no. 116, the plaintiff's Motion for Reconsideration of Immunity; and

6.　　　　Filing no. 119, the plaintiff's Motion to Continue the Pretrial Conference.

The plaintiff, a prisoner subject to the Prison Litigation Reform Act ("PLRA"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, arising out of a strip search by prison officials on May 16, 2000. The pretrial conference in this case is set for October 13, 2005 before Magistrate Judge F. A. Gossett, and a trial date has been provisionally set for November 21, 2005 before the undersigned district judge.

1

In filing nos. 108 and 113, the plaintiff moves for leave to view the videotape of the incident on May 16, 2000. I have previously ruled that the contents of the videotape do not bear on the reasonableness of the search or on the issue of sexual assault alleged by the plaintiff. However, whether or not that view remains accurate, I have reconsidered my previous decision. It has come to my attention that the plaintiff has been permitted to view videotapes in two similar cases pending before another judge of this court related to two other strip searches of the plaintiff. Therefore, I see no reason to continue to deny the plaintiff access to the video in this case.

In filing nos. 114 and 115, the plaintiff insists that he has alleged and preserved (a) a claim of excessive force as well as (b) a claim of sexual assault and (c) a claim of retaliation and harassment in this action. In filing no. 94, I recognized the sexual assault and retaliation claims, stating:

> I find that the plaintiff has exhausted his administrative remedies as to two claims arising out of the incident on May 16, 2000. First, the plaintiff has alleged in this case, as he did in the applicable grievance, that the search constituted an illegal sexual assault. Second, the plaintiff contends, as he did in the applicable grievance (liberally construed), that the strip search was conducted to retaliate for, or to discourage, his exercise of the right to make a legal telephone call. Therefore, filing no. 70, the plaintiff's Motion Showing Exhaustion of All Administrative Remedies, is granted to that extent[1], and the part of filing no. 57, the defendants' Motion for Summary Judgment, which asserts that the plaintiff failed to exhaust administrative remedies is denied.
>
> > [1]The grievance did not mention excessive force, and thus a claim, if any, of excessive force has not been preserved for consideration in this litigation. In fact, the record is not clear that the plaintiff ever intended to assert a claim of excessive force in this case, as he has consistently referred to "sexual assault" rather than excessive force. The court has experienced a great deal of difficulty reading the plaintiff's handwriting.

(Filing no. 94 at 2.)

The defendants have not objected to filing nos. 114 or 115.  On the contrary, defendants' counsel has included the claim of excessive force in a draft pretrial order, despite extraordinary difficulties in obtaining the plaintiff's cooperation in the preparation of a joint pretrial order.   I will allow the plaintiff's claim of excessive force to proceed, and to that extent, filing nos. 114 and 115 are granted.

In filing no. 116, the plaintiff moves for reconsideration of my decision in filing no. 94 regarding qualified immunity.  In filing no. 94, I granted summary judgment on the basis of qualified immunity as to all remaining defendants in their individual capacity except for Corporal Wayman and Case Worker Gissler.  Specifically, the Memorandum and Order states in pertinent part:

> In short, a factual issue exists regarding the underlying reason(s) for the visual body cavity search of the plaintiff on May 16, 2000.  The plaintiff's verified complaint contains uncontradicted assertions that the search constituted part of a pattern of intimidation and punishment of the plaintiff for exercising a protected right.  Corporal Wayman and Case Worker Gissler have not mentioned any penological purpose for the search, and they have failed to provide any record on which the court, without indulging in pure speculation, could grant summary judgment on the basis of qualified immunity.

(Filing no. 94 at 7.)  As for the defendants other than Wayman and Gissler, I stated:

> Officers Zier, Haney, Bolli and Edelman, as members of the Use of Force Team summoned by Case Worker Gissler, could reasonably have believed that their conduct was legal.  All acted pursuant to Gissler's order after Corporal Wayman had reported the plaintiff's refusal to submit to a strip search.  Once the plaintiff refused a direct order to comply with a search, an objective need for the force which was used arose.  When such an order is issued, an inmate in a high security area of a prison is not in a position to force corrections officials to debate the validity of the order.

> Therefore, I conclude that there exists no factual or legal issue on which to proceed to trial as to all participants in the search except for Case Worker Gissler and Corporal Wayman, as to whom no record exists regarding why they ordered the search in the first place.

3

(Filing no. 94 at 6-7.)  I decline to reconsider that decision.  Filing no. 116 is denied.

In filing no. 119, the plaintiff moves to continue the pretrial conference scheduled for October 13, 2005.  The plaintiff wishes to defer attending a pretrial conference until after he has viewed the videotape and he has filed a motion for summary judgment.  Filing no. 119 is denied.  Although the plaintiff will have an opportunity to view the videotape as ordered in this Memorandum and Order, that opportunity may not come before the conference scheduled for October 13th.  In addition, as the trial is provisionally scheduled to begin in approximately two months or less, any motion for summary judgment at this point may very well be consolidated for disposition with the trial on the merits.

THEREFORE, IT IS ORDERED:

1.    That filing nos. 108 and 113, the plaintiff's Motions to view videotape, are granted as follows:  As soon as possible, but by no later than October 21, 2005, the plaintiff shall be taken to a facility governed by the Nebraska Department of Correctional Services ("DCS") or, if DCS officials prefer, to the offices of the defendants' counsel, the Nebraska Attorney General, to view the videotape of the May 16, 2000 search; the plaintiff shall be allowed to take notes, and a person approved by DCS shall assist the plaintiff in rewinding, pausing and otherwise operating the video equipment to enable the plaintiff sufficient opportunity to review the video and take notes;

2.    That  filing nos. 114 and 115, the plaintiff's Motions to recognize a claim of excessive force in this litigation, are granted insofar as set forth above in this Memorandum and Order;

3,    That  filing no. 116, the plaintiff's Motion for Reconsideration of Immunity, is denied; and

4

5.    That filing no. 119, the plaintiff's Motion to Continue the Pretrial Conference,

is denied.

DATED this 5th day of October, 2005.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge